FILED
SUPERIOR COURT
OF GUAM

2025 AUG 22 PM 2: 39

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THOMAS J. FISHER, as Taxpayer and in his Official Capacity as a Senator of the 37th Guam Legislature,<br><br>               Plaintiff,<br><br>    v.<br><br>IGNACIO C. SANTOS, in his official capacity as a Government of Guam Federal Programs Administrator and in his private capacity, and DOES 1-5,<br><br>               Defendants. | CIVIL CASE NO. CV0392-23 |
| IGNACIO C. SANTOS, in his official capacity as a Government of Guam Federal Programs Administrator and in his private capacity,<br><br>             Third-Party Plaintiff,<br><br>    v.<br><br>JON FERNANDEZ, FRANK COOPER-NURSE, in his individual capacity Chief Auditor of GDOE; K. ERIK SWANSON, Ph.D., in his official capacity as the Superintendent of the Guam Department of Education, and the GOVERNMENT OF GUAM,<br><br>           Third-Party Defendants. | **DECISION AND ORDER** |

This matter came before the Honorable Arthur R. Barcinas on May 15, 2025, for a hearing on a Motion to Dismiss under GRCP 12(b)(6), or, Alternatively, Motion for Summary Judgment ("MSJ") or Rule 56 Motion filed by Defendant Ignacio C. Santos, in his official capacity as a Government of Guam Federal Programs Administrator and in his private capacity ("Defendant"), on April 2, 2025. Attorney Edwin J. Torres was present on behalf of Defendant, and Attorney Rachel Taimanao-Ayuyu was present on behalf of Plaintiff Thomas J. Fisher ("Plaintiff"). Also present were Deputy Attorney General Joseph Guthrie for the Government of Guam, Attorney Vanessa L. Williams for Third-Party Defendant Jon Fernandez, and Attorney Matthew E. Wolff for Third-Party Defendants Erik Swanson and Franklin Cooper-Nurse. Having taken the matter under advisement, the Court **GRANTS** the Motion for Summary Judgment in favor of Defendant.

## BACKGROUND

On July 5, 2023, Plaintiff Thomas J. Fisher ("Fisher"), filed a Complaint against Santos as a taxpayer and in his official capacity as a Senator of the 37th Guam Legislature. In the Complaint, Fisher alleged that Santos, as the Federal Programs Administrator for the Guam Department of Education ("GDOE"), had failed to properly discharge his duties in regard to the management of public monies after overtime payments were issued to GDOE employees.

On August 15, 2023, Defendant filed the MSJ, arguing that Plaintiff's taxpayer action fails as a matter of law because there is no evidence that Defendant "expended" funds as required under 5 GCA § 7103. Defendant asserts that he merely certified that the expenditures were eligible for federal reimbursement but lacked authority to actually approve or release any funds. The motion was filed together with a Statement of Issues ("SOI") and a Statement of Undisputed Material Facts ("SUMF").

On October 3, 2023, Plaintiff filed an opposition, asserting that findings by the Office of Public Accountability ("OPA") raised disputed issues of fact concerning Defendant's role in the disbursement process. Plaintiff further asserted that summary judgment was premature absent discovery and sought leave to conduct discovery under GRCP 56(d). On October 31, 2023, Defendant filed his reply to the opposition as part of an omnibus response. In the reply, Defendant argued that Plaintiff's reliance on the OPA findings was misplaced because the findings never alleged that Defendant had expenditure authority. Defendant further noted that Plaintiff failed to adhere to the GRCP 56(d) requirement that he must identify the specific facts he wishes to elicit in discovery, and Plaintiff had never previously attempted to conduct discovery or even requested Defendant to engage in a prerequisite Rule 26(f) conference.

On April 12, 2024, upon Plaintiff's GRCP 56(d) application for time to take discovery, the Court granted a continuance on the MSJ, preserving Defendant's summary judgment argument pending completion of discovery. On May 9, 2024, the Court set a dispositive-motion cutoff for November 22, 2024, and Plaintiff sought no extensions and conducted no written discovery. On December 10, 2024, Defendant moved to set deadlines for Plaintiff's opposition and Defendant's reply on the pending MSJ.

On February 18, 2025, the Court heard arguments on Defendant's Motion to Set Briefing Schedule on Motion for Summary Judgment ("Briefing Motion"), and Plaintiff did not argue against the Briefing Motion at hearing or file an opposition. On February 20, 2025, the Court granted Defendant's Briefing Motion and scheduled Plaintiff's opposition to the MSJ to be due April 1, 2025, with Defendant's reply to be due on April 15, 2025. Plaintiff failed to file an opposition by the deadline, and on April 21, 2025, Defendant filed a Request for Court to Consider Facts Undisputed and Grant Summary Judgment ("Request").

On May 15, 2025, the Court took the matter under advisement.

## DISCUSSION

### I. Legal Standard

Under Guam law, a party may move for summary judgment, identifying each claim or defense, or the part of each claim or defense, on which summary judgment is sought. GRCP 56(a). However, summary judgment is only proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matt of law. *Guam Resorts, Inc. v. G.C. Corp.*, 2013 Guam 18 ¶ 36. "In rendering a decision on a motion for summary judgment, the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Id.*

If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleadings, but must produce at least some significant probative evidence tending to support the pleadings. *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *Id.*¶ 8. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is there be no genuine issue of material fact. *Id.* "As to materiality, the substantive law will define which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The Court's ultimate inquiry is to determine whether the specific facts set forth by the non-movant, coupled with undisputed background or contextual facts, are such that a rational or

reasonable jury might return a verdict in the non-movant's favor based on that evidence." *Id.* ¶ 7. Pursuant to GRCP 56(e), if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the Court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order.

Pursuant to 5 GCA § 7103, the relevant facts must sufficiently demonstrate that a public officer "unlawfully expended, or caused to be expended," public funds.

**II.     There is No Genuine Issue of Material Fact and Plaintiff Failed to File An Opposition Within the Court's Deadline.**

Upon review of the record, there does not appear to be any genuine dispute of material facts that would preclude summary judgment, as Plaintiff has neither opposed the motion for summary judgment nor sufficiently disputed Defendant's SUMF. The Court granted Plaintiff a continuance to conduct discovery, and Plaintiff failed to proffer any discovery or schedule any dispositions to support his position. Further, after the Court gave Plaintiff additional time to oppose the Motion, Plaintiff failed to file any opposition by the Court's deadline on April 1, 2025.

Pursuant to GRCP 56(e)(3), Plaintiff's failure to properly address Defendant's assertions of fact permit the Court to deem Defendant's SUMF undisputed for the purposes of the motion, and the Court finds that Defendant's declaration and attached exhibits sufficiently support the material facts as set forth in the SUMF.

## III. Evidence of Defendant's Expenditure of Funds

Upon review of the record, the undisputed facts demonstrate that Defendant's role was limited to certifying the allowability of federal reimbursement based on guidance from the U.S. Dept. of Education. Per the undisputed facts, the actual approval and disbursement of funds was solely within the powers of the Superintendent of Education and the Deputy Superintendent of Finance, as confirmed by Guam Department of Education's standard operating procedures and a 2008 letter from the Office of the Attorney General to the U.S. Dept. of Education. *See* SUMF ¶¶ 55-72.

Further, the OPA findings cited by Plaintiff raise concerns about segregation of duties, but do not expressly establish that Defendant expended or approved expenditures of public funds. At most, the findings reflect disagreement with the internal controls in place during the COVID-19 emergency. Thus, Plaintiff's exclusive reliance on the OPA findings to support his position is legally insufficient to establish the elements of a taxpayer claim under 5 GCA § 7103.

Viewing the record in the light most favorable to Plaintiff, the Court finds no genuine issue of material fact, and the undisputed facts establish that Defendant lacked authority to expend funds and that the actual expenditure decisions were made by the Guam Department of Education officers authorized to do so. Accordingly, Plaintiff cannot prevail on his claim as a matter of law.

## <u>CONCLUSION</u>

Based on the foregoing, the Court hereby **<u>GRANTS</u>** Defendant's Motion for Summary Judgment, and **<u>ORDERS</u>** that judgment be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**    AUG 2 2 2025   .



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**